UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Julie Delgado-O'Neil,

    Plaintiff,

v.                      **MEMORANDUM OPINION AND ORDER**
                          Civil No. 08-4924(MJD/JJK)

City of Minneapolis,

    Defendant.

_____

    Jill Clark, Jill Clark P.A., Attorney at Law, Counsel for Plaintiff.

    Susan E. Ellingstad and David D. Leishman, Lockridge Grindal Nauen P.L.L.P., Counsel for Defendant.

_____

This matter is before the Court on Plaintiff's motion to Vacate Judgment and for Other Relief.

## I.    INTRODUCTION

After extensive briefing and oral argument on the parties' motions for summary judgment, this Court granted the Defendant's motion and ordered that judgment be entered in favor of Defendant. Five days later, Plaintiff filed a motion to vacate that judgment, the basis of which is that this Court failed to notify counsel of his past service as a state court judge in Hennepin County - a

1

fact that is easily obtained from multiple sources of media.

With every case assigned to it, this Court takes very seriously its duty to ensure that no basis for disqualification exists. The Court thus takes very seriously the current motion before it. As set forth below, Plaintiff's motion is completely without merit and it was improperly brought as a last ditch effort to keep this case alive - a practice clearly disfavored in this Circuit. The motion is denied in all respects.

## II. BACKGROUND

Plaintiff brought this action against her employer, the City of Minneapolis, claiming discrimination based on race. Plaintiff alleged that the City Attorney's Office utilized an oral examination process for promotion to the Attorney II position and that such process had a disparate impact based on race. Plaintiff further alleged that she was subjected to unlawful retaliation for engaging in protected conduct.

By Order dated August 4, 2010, this Court granted Defendant's motion for summary judgment and dismissed Plaintiff's Complaint with prejudice. In doing so, the Court also denied Plaintiff's motion for partial summary judgment.

Five days after judgment was entered in this case, Plaintiff filed the instant motion, requesting the Court to first decide that it should recuse. (Plaintiff Memorandum in Support, p. 2, "Plaintiff notes that the first step is for the Presiding Judge to make his own assessment of whether he should, upon consideration, self recuse.")  Plaintiff also moves to compel this Court to recuse from considering this matter pursuant to 28 U.S.C. § 144 or 455 and requests a hearing before a different judge, as this Court would be called as a witness at such hearing.  Plaintiff also moves to vacate this Court's August 4, 2010 Order, and seeks a hearing before a different judge.

As Plaintiff concedes, this Court must first determine whether it should recuse from hearing Plaintiff's motion to vacate the judgment here.  As discussed below, Plaintiff's motion to recuse must be denied as it is untimely and is entirely without basis.  Therefore, the Court will rule on all requests for relief included in the instant motion.

**III.   Motion to Recuse**

Title 28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of

any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Title 28 U.S.C. § 455 provides:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . .

The Eighth Circuit has determined that disqualification under § 455 is required "if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." United States v. Tucker, 78 F.3d 1313, 1324 (8th Cir. 1996) (quoting Gray v. Univ. of Ark., 883 F.2d 1394, 1398 (8th Cir. 1989)). To determine whether recusal is necessary, the court applies an objective standard. Id. "It is the appearance of bias or partiality that matters here, not actual bias." Id. District judges are also

4

charged with the duty "to avoid unnecessarily disqualifying himself." United States v. Walker, 920 F.2d 513, 516 (8th Cir. 1990). "A recusal or disqualification motion is committed to the sound discretion of the trial judge and the standard of review on appeal is whether the judge abused his or her discretion." Id. (citation omitted).

In addition, the Eighth Circuit requires that motions to recuse be timely made. In re Kansas Pub. Emp.'s Retirement Sys., 85 F.3d 1353, 1360 (8th Cir. 1996). "We subscribe to the view that motions to recuse should not 'be viewed as an additional arrow in the quiver of advocates in the face of [anticipated] adverse rulings.'" Id. (quoting TV Commc'ns Network, Inc. v. ESPN, Inc., 767 F. Supp. 1077, 1081 (D. Colo. 1991)). See also In re Int'l Bus. Machines, 45 F.3d 641, 643 (2d Cir. 1995) ("[A] prompt application avoids the risk that a party is holding back a recusal application as a fall back position in the event of adverse rulings on pending matters.") "Timeliness requires a party to raise a claim 'at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.' " Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003) (citation omitted).

Here, the basis for Plaintiff's motion for recusal is the fact that this Court

served as a state court judge in the same judicial district as judges identified as potential witnesses in this case. In particular, Judge Kevin Burke was identified as a witness in this case by at least May 25, 2010. Plaintiff asserts that at that time, this Court should have disclosed to counsel that he was once a colleague of Judge Burke on the state court bench and at the Hennepin County Public Defenders Office, and that beginning in 1992, Judge Burke became chief judge, and thus supervised all state court judges in Hennepin County, including this Court. (Declaration of Jill Clark [Doc. No. 166] ¶ 22.) Plaintiff further asserts that other state court judges identified as potential witness in this case, served with this Court in state court. (Id.)

This Court's past employment history is of public record, and as suggested by Plaintiff's counsel, is easily obtainable. (Id.) The Court thus finds it suspect that Plaintiff waited until after this Court entered judgment in favor of the Defendant to bring this motion. The Eighth Circuit has previously noted its disapproval of such a practice. Neal v. Wilson, 112 F.3d 351, 357 n. 6 (8th Cir. 1997); Rabushka ex rel. U.S. v. Crane, 122 F.3d 559, 566 (8th Cir. 1997) (finding that motion to recuse pursuant to § 455 (a) and (b)(1), filed after the court issued its ruling on summary judgment, was untimely). See also, In re Mercedes-Benz

Antitrust Litig., 226 F. Supp.2d 552, 557 (D.N.J. 2002) (based on the court's substantial investment of time in case, together with the fairness to the litigation process and to the parties, the court found that recusal was not warranted). Furthermore, the fact that the motion to recuse is based on the very public fact that this Court served as a state court judge in Hennepin County prior to his appointment to the federal bench, weighs against recusal here. See In re Medtronic Prod. Liab. Litig., 601 F. Supp.2d 1120, 1131 (D. Minn. 2009) (Kyle, J.) (finding motion to recuse untimely when based upon information that was easily obtainable).

In addition, this Court was appointed to the federal bench in 1994. It has thus been over sixteen years since this Court served on the same court as the judges identified in Plaintiff's motion. See Walker, 920 F.2d at 517 (court affirmed the district court's decision not to recuse even though the district court had engaged in an ex parte contact with the prosecution, because there was a long time lapse between said contact and the actual sentencing, and that nothing in the judge's overall conduct demonstrated that he was legally oppressive or hostile toward the defendant).

In support of her motion to recuse, Plaintiff relies on the Eighth Circuit

decision in Moran v. Clark, 296 F.3d 638 (8th Cir. 2002). At issue in Moran, however, was the admitted social relationship between one of the parties and the district judge. Id. The fact that "[j]udges, attorneys and public officials will often share public appearances" does not create an appearance of impropriety. Id. What was troubling to the court was the fact that the judge and the defendant "enjoyed a friendship of sufficient depth and duration as to warrant several reciprocal visits to one another's homes." Id. Here, Plaintiff does not even allege that this Court has - or had - such a social relationship with any of the judges identified in Plaintiff's submissions[1]. Instead, Plaintiff's motion is based on the fact that this Court is a former colleague of potential, non-party witnesses in Plaintiff's case. That fact alone would not cause a reasonable person to question this Court's impartiality in this case.

Plaintiff further alleges that this Court may be biased against her because she ran for a state court judgeship. This Court was appointed to the federal bench in 1994 - a lifetime appointment. Plaintiff ran for a state court judgeship in 2004. These facts in no way raise an inference of bias. In fact, the assertion is

---

[1] Even if she had asserted that this Court has or had a close personal relationship with the judges names in her motion, such allegations are patently false. With that said, the factual merits of Plaintiff's allegations do not play a role in the Court's denial of the motion to recuse.

simply absurd.

In determining whether recusal is warranted, then Judge Breyer, writing for the First Circuit noted:

> [W]hen considering disqualification, the district court is *not* to use the standard of "Caesar's wife," the standard of mere suspicion. That is because the disqualification decision must reflect *not only* the need to secure the public confidence through proceedings that appear impartial, *but also* the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking.

In re Allied-Signal, Inc., 891 F.2d 967, 970 (1st Cir. 1989). See also Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995) (listing a number of areas that are frequently alleged as a basis for recusal that usually do not warrant it, including rumor, speculation and similar non-factual matters, baseless personal attacks on the judge and threats or other attempts to intimidate the judge). Here, Plaintiff speculates that this Court may have a close relationship with potential, non-party witnesses in her case. Such speculation is not grounds to recuse, nor should it be used to conduct a fishing expedition. Plaintiff's request for a hearing will therefore be denied.

Finally, Plaintiff discusses at length the procedural history of this case, and challenges a number of rulings and communications between counsel and the

Court's staff. Those issues should be raised on appeal, however, not in a motion to recuse filed after judgment has been entered. See Liteky v. United States, 510 U.S. 540, 555 (1994) (finding that "[a]lmost invariably, [judicial rulings] are proper grounds for appeal, not for recusal.").

Because the motion to recuse is untimely and without proper basis, the motion will be denied.

## IV. Motion to Vacate

Finally, Plaintiff moves to vacate the Order dated August 4, 2010 in which judgment was entered in favor of Defendant and the case dismissed with prejudice. The motion is made pursuant to Federal Rule of Civil Procedure 60(b)(6), which provides that upon "motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." Plaintiff argues that this Rule can provide the basis to vacate an order where grounds for recusal existed at the time the order was issued. See Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 864 (1988). While Rule 60(b)(6) does provide courts authority to relieve a party from a final judgment, such authority should be exercised only to accomplish justice and in extraordinary circumstances. Id.

Because the Court finds that the motion to recuse was untimely filed and without sufficient basis, Plaintiff has not demonstrated that relief under Rule 60(b)(6) is warranted in this matter.

Finally, Plaintiff requests a ruling on her motion for sanctions [Doc. No. 155] in which she sought exclusion of certain trial testimony and an order barring Defendant's counsel from contacting Plaintiff in this case in violation of Minn. R. Prof. Conduct 4.2. As the Court will not recuse or vacate judgment, Plaintiff's motion for sanctions is moot.

IT IS HEREBY ORDERED that Plaintiff's Motion to Vacate Judgment and for Other Relief [Doc. No. 163] is DENIED.

Date: September 17, 2010

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court